**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **JAMES D. GUY,** | ) | **Case No. 3:14CV792** |
| | ) | |
| | ) | |
| **Petitioner,** | ) | **JUDGE LESLEY WELLS** |
| | ) | |
| **v.** | ) | **Magistrate Judge George J. Limbert** |
| | ) | |
| **BENNIE KELLY,[1]** | ) | |
| | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| **Respondent.** | ) | **OF MAGISTRATE JUDGE** |
| | ) | |

On April 10, 2014[2], James D. Guy ("Petitioner"), acting *pro se*, executed a petition for a writ of federal habeas corpus in this Court pursuant to 28 U.S.C. § 2254. ECF Dkt. #1. Petitioner seeks relief from convictions following the entry of guilty pleas entered by the Sandusky County Court of Common Pleas, Ohio to two counts of felonious assault in violation of Ohio Revised Code ("ORC") § 2903.11(A)(1).

On July 28, 2014, then Respondent, Maggie Bradshaw ("Respondent"), Warden at Richland Correctional Institution, filed the Return of Writ. ECF Dkt. #6. Although three extensions of the filing deadline for the Traverse were granted, no traverse was filed. Instead, Petitioner filed an Application for Stay of Execution and/or Abeyance on November 14, 2014, ECF Dkt. #10, which was amended with leave of the Court on December 4, 2014. ECF Dkt. #13. For the following reasons, the undersigned recommends that the Court DENY the Application for Stay of Execution and/or Abeyance and DISMISS the instant petition, in its entirety, with prejudice:

---

[1]Petitioner is currently housed at Grafton Correctional Institution, where Bennie Kelly is the warden. *See www.drc.ohio.gov* "[T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . ." *Rumsfeld v. Padilla,* 542 U.S. 426, 435 (2004). Accordingly, the Petition should be amended to name Bennie Kelly as respondent.

[2]The filing date for a petition from an incarcerated *pro se* petitioner is the date the petition was handed over to the prison mail system, not the date it was received and docketed by the federal habeas court. *Houston v. Lack*, 487 U.S. 266, 270-72, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

# I. PROCEDURAL BACKGROUND

## A. State Trial Court

The 2011 term of the Sandusky County Grand Jury issued an indictment charging Petitioner with four counts of felonious assault – two counts in violation of R.C. 2903.11(A)(1) (Counts 1-2) and two count in violation of R.C. 2903.11 (A) (2) (Counts 3-4); and two counts of attempted murder in violation of R.C. 2903.02 and R.C. 2923.02 (Counts 5-6) (Exhibit 1, Case No. 11CR215). Petitioner pled not guilty to the counts in the indictments. (Exhibit 2).

Petitioner entered into a plea agreement, in which he pled guilty to two counts of felonious assault on two victims (Counts 3 & 4) and the remaining counts were dismissed. (Exhibit 3). The trial court accepted his guilty plea. (Exhibit 4). Petitioner filed a sentencing memorandum, in which he asserted that he did not initiate the altercation, and for that reason he sought concurrent sentences. (Exhibit 5). On July 11, 2011, the trial court sentenced Guy to eight years in prison for each of the felonious assault convictions, to be served consecutively, for an aggregate sentence of sixteen years. (Exhibit 6).

## B. Direct Appeal

On August 10, 2011, Petitioner, through trial counsel, filed a notice of appeal with the Sixth District Court of Appeals, Sandusky County, Ohio. (Exhibit 8). In his brief filed on June 13, 2012, Guy raised the following assignments of error:

> 1. The trial court failed to apply ORC 2953.08 (A)(1)(b) in imposing the maximum consecutive sentences.
>
> 2. The trial court abused its discretion in sentencing defendant to the maximum sentence of 8 years on each count and running each count consecutive for a total sentence of 16 years. For two or more offenses arising out of a single incident.
>
> 3. The trial court erred in refusing to consider 2929.12 (C)(1)(2) and (4) in sentencing defendant to consecutive maximum sentences.
>
> 4. The trial court failed to follow ORC 2929.41 and ORC 5145.01 when it sentenced defendant to consecutive maximum sentences.

(Exhibit 9). The State filed a brief in response. (Exhibit 10). On January 4, 2013, the Court of Appeals affirmed the judgment of the trial court. (Exhibits 11).

-2-

C.      **Supreme Court of Ohio**

On February 15, 2013, Petitioner, acting *pro se*, filed a notice of appeal with the Ohio Supreme Court under Case No. 2013-0305. (Exhibit 13). In his memorandum in support of jurisdiction, Petitioner set forth the following propositions of law:

I.      The trial court failed to apply ORC 2953.08 (A)(1)(b), in imposing the maximum consecutive sentences.

II.     The trial court abused its discretion in sentencing defendant to the maximum sentence of 8 years on each count and running each count consecutive for a total sentence of 16 years. For two or more offenses arising out of a single incident.

III.    The trial court erred in refusing to consider 2929.12(C)(1)(2) and (4) in sentencing defendant to consecutive maximum sentences.

IV.     The trial court failed to follow ORC 2929.41 and ORC 5145.01 when it sentenced defendant to consecutive maximum sentences.

(Exhibit 13). The State waived a memorandum in response. (Exhibit 14). On April 24, 2013, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4). (Exhibit 15, Case No. 2013-0305).

**II.     FEDERAL HABEAS CORPUS PETITION**

Petitioner filed a federal petition for writ of habeas corpus under 28 U.S.C. § 2254 in this Court on April 11, 2014. Petitioner alleged the following grounds in support of the petition:

**GROUND ONE: THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING DEFENDANT TO THE MAXIMUM SENTENCE OF 8 YEARS AND RUNNING EACH COUNT CONSECUTIVE FOR A TOTAL OF 16 YEARS, SEE ATTACHMENT.**

SUPPORTING FACTS: SEE ATTACHMENT. THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING DEFENDANT TO THE MAXIMUM SENTENCE OF 8 YEARS ON EACH COUNT AND RUNNING EACH COUNT CONSECUTIVE FOR A TOTAL OF 16 YEARS, FOR TWO OR MORE OFFENSES ARISING OUT OF A SINGLE INCIDENT.

ATTACHMENT:

GROUND ONE: THE STATE APPELLATE COURT ERRED WHEN FAILING TO RULE THAT THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING PETITIONER TO THE MAXIMUM SENTENCE OF 8 YEARS ON EACH COUNT AND RUNNING EACH COUNT CONSECUTIVE FOR A TOTAL SENTENCE OF 16 YEARS FOR TWO OR MORE OFFENSES ARISING OUT A OF A SINGLE INCIDENT.

-3-

FACTS: IT'S PETITIONER'S CONTENTION THE STATE APPELLATE COURT ERRED WHEN IT FAILED TO RULE THAT THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING PETITIONER TO THE MAXIMUM SENTENCE OF 8 YEARS ON EACH COUNT AND RUNNING EACH COUNT CONSECUTIVE FOR A TOTAL SENTENCE OF 16 YEARS, FOR TWO OR MORE OFFENSES ARISING OUT OF A SINGLE INCIDENT.

**GROUND TWO: THE TRIAL COURT ERRED IN REFUSING TO CONSIDER R.C. §2929.12(C)(1)(2), AND (4) IN SENTENCING DEFENDANT TO CONSECUTIVE MAXIMUM SENTENCES.**

SUPPORTING FACTS: SEE ATTACHMENT: THE TRIAL COURT ERRED IN REFUSING TO CONSIDER R.C. §2929.12(C)(1)(2) AND (4) IN SENTENCING DEFENDANT TO CONSECUTIVE MAXIMUM SENTENCES.

ATTACHMENT:

GROUND TWO: THE STATE APPELLATE COURT ERRED WHEN FAILING TO RULE THE TRIAL COURT ERRED IN REFUSING TO CONSIDER R.C. §2929.12(C)(1)(2) AND (4) IN SENTENCING DEFENDANT TO CONSECUTIVE MAXIMUM SENTENCES.

FACTS: IT'S PETITIONER'S CONTENTION THE STATE APPELLATE COURT ERRED WHEN FAILING TO RULE THAT THE TRIAL COURT ERRED IN REFUSING TO CONSIDER R.C. §2929.12(C)(1)(2) AND (4) IN SENTENCING THE PETITIONER TO CONSECUTIVE MAXIMUM SENTENCES. THE RECORD DEMONSTRATED MITIGATING CIRCUMSTANCES EXISTED TO WARRANT A LESSER CONCURRENT SENTENCE.

**GROUND THREE: THE TRIAL COURT FAILED TO FOLLOW R.C. §2929.41 AND R.C. §5145.01 WHEN IT SENTENCED DEFENDANT TO CONSECUTIVE MAXIMUM SENTENCES.**

SUPPORTING FACTS: SEE ATTACHMENT. THE TRIAL COURT FAILED TO FOLLOW R.C. §2929.41 AND R.C. §5145.01 WHEN IT SENTENCED DEFENDANT TO CONSECUTIVE MAXIMUM SENTENCES.

ATTACHMENT:

GROUND THREE: THE STATE APPELLATE COURT ERRED WHEN FAILING TO RULE THAT THE TRIAL COURT FAILED TO FOLLOW R.C. §2929.41 AND R.C. §5145.01 WHEN IT SENTENCED PETITIONER TO CONSECUTIVE MAXIMUM SENTENCES.

FACTS: IT'S PETITIONER'S CONTENTION THE STATE APPELLATE COURT ERRED WHEN FAILING TO RULE THAT THE TRIAL COURT FAILED TO FOLLOW R.C. §2929.41 AND R.C. §5145.01 WHEN IT SENTENCED PETITIONER TO CONSECUTIVE MAXIMUM SENTENCES.

ECF Dkt. #1.

-4-

### III.    **PROCEDURAL BARRIERS TO REVIEW**

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a writ of federal habeas corpus.  As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

### A.    **Statute of Limitations**

In general, a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 must comply with the statute of limitations period set forth in 28 U.S.C. § 2244, which provides:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The statute of limitations is tolled for any period of time in which a properly filed petition for post-conviction relief is pending before the state courts.  *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003); *see* 28 U.S.C. §2244(d)(2).  To determine if a state proceeding will toll the statute of limitations, the Sixth Circuit has held that:

> A state petition for post-conviction or other collateral review that does not address one or more of the grounds of the federal habeas petition in question is not a review 'with

respect to the pertinent judgment or claim' within the meaning of 28 U.S.C. § 2244(d)(2), and therefore does not toll the one-year AEDPA statute of limitations.

*Austin v. Mitchell*, 200 F.3d 391, 395 (6th Cir. 1999).  Further, the "tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."  *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

The one-year statute of limitations under Section 2244 is subject to equitable tolling when a petitioner's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the petitioner's control.  *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000).  The Sixth Circuit has stated that "federal courts sparingly bestow equitable tolling."  *Graham-Humphreys*, 209 F.3d at 560-61; *Jurado*, 337 F.3d at 642.  When determining whether equitable tolling is appropriate, the court must consider: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing [his] claim."  *Dunlap*, 250 F.3d at 1008; *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002).  These factors are not comprehensive and not all of the factors are relevant in all cases.  *Cook*, 295 F.3d at 521.  Whether equitable tolling is appropriate is a case-by-case analysis.  *Id*.  "Absence of prejudice is a factor to be considered only after a factor that might justify tolling is identified."  *Allen v. Yukins*, 366 F.3d 396, 401-02, 404 (6th Cir. 2004).  The petitioner bears the ultimate burden of persuading the court that he is entitled to equitable tolling.  *Vroman*,  346 F.3d at 605.

## B.    Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus.  28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts."

*Franklin v. Rose*, 811 F.2d 322, 325 (6ᵗʰ Cir. 1987).  To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court."  *Wong v. Money*, 142 F.3d 313, 322 (6ᵗʰ Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated.  *McMeans*, 228 F.3d at 681 citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2d Cir. 1984).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims.  *Manning v. Alexander*, 912 F.2d 878, 881 (6ᵗʰ Cir. 1990).  A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law.  *Clinkscale v. Carter*, 375 F.3d 430, 437 (6ᵗʰ Cir. 2004), quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6ᵗʰ Cir. 1993) cert. denied, 509 U.S. 907 (1993)(quotation omitted).  In *Harris v. Lafler*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id*. at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id*. at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

553 F.3d 1028, 1031-32  (6ᵗʰ Cir. 2009).  The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist."  *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds*, *Fay v. Noia*, 372 U.S. 391 (1963).  A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the

-7-

claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

### C.      Procedural Default

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).   In these cases, "the state judgment rests on independent and adequate state procedural grounds."  *Coleman* at 730.  For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004), citing *Ylst v.Nunnemaker*, 501 U.S. 797, 805 (1991) (emphasis removed).  When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991).  In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted. *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986).  Under the *Maupin* test, a reviewing court must decide:

    (1)    whether the petitioner failed to comply with an applicable state procedural rule;

    (2)    whether the state courts actually enforced the state procedural sanction;

    (3)    whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review; and

    (4)    if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id.* at 138.

Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford*

*v. Georgia*, 498 U.S. 411, 423-24 (1991) (state procedural bar that is not "firmly established and regularly followed" cannot serve  to bar federal judicial review); *Franklin v. Anderson*, 434 F.3d 412, 418 (6th Cir. 2006).  The question of whether a state procedural rule was "firmly established and regularly followed" is determined as of the time at which it was to be applied. *Richey v. Mitchell*, 395 F.3d 660, 680 (6th Cir. 2005).

Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) (appeal dismissed for lack of jurisdiction); *Richey*, 395 F.3d at 678 ("a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (even if issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises); *Boyle v. Million*, 201 F.3d 711, 716-17 (6th Cir. 2000) (where a state appellate court characterizes its earlier decision as substantive, the earlier decision did not rely on a procedural bar; therefore, the cause and prejudice test does not apply).

Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision.  *Munson v. Kapture*, 384 F.3d 310, 313-14 (6th Cir. 2004).

Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 751.  "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985).  If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice.  *Smith v. Murray*, 477 U.S. 527 (1986).

-9-

> Simply stated, a federal court may review federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (*i.e.*, exhausted) or because they were not properly presented to the state courts (*i.e.*, were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D. Ohio 2004). A petitioner who is unable to show cause and prejudice may obtain habeas review only if denying such review would produce a fundamental miscarriage of justice, such as when new evidence suggests actual innocence. *Dretke v. Haley*, 541 U.S. 386, 393, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004).

## IV.  STANDARD OF REVIEW

The undersigned further recommends that the Court find that the AEDPA governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 17, 2012, well after the act's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for a writ of habeas corpus. The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added). In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court

identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  Further, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

The Sixth Circuit Court of Appeals offers the following guidelines for applying the AEDPA limitations:

A.  Decisions of lower federal courts may not be considered.

B.  Only the holdings of the Supreme Court, rather than its dicta, may be considered.

C.  The state court decision may be overturned only if:

    1.  It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;

    2.  the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or

    3.  'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or

    4.  the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

D.  Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different

-11-

from an incorrect or erroneous application of federal law.'

> E.     Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Duttion*, 785 F.2d 131, 133 (6th Cir. 1986).   The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

> (e)(1)In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e).  The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact. *Levine v. Torvik*, 986 F.2d 1506, 1514 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993).  The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997).  Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000).  Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

The United States Supreme Court has observed:

> Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. *Jackson v. Virginia*, 443 U.S. 307, 332, n. 5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment).  As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Harrington v. Richter*, __ U.S. __, 131 S.Ct. 770, 786-787 (2011).

# V.     **ANALYSIS**

## A.     **Application for Stay and/or Abeyance**

Petitioner seeks a stay in order to exhaust ineffective assistance of counsel claims. In his state post-conviction petition, filed with the state court on November 6, 2014, Petitioner asserts that his counsel was deficient because he provided "erroneous, faulty, and inaccurate legal advice that induced [Petitioner's] decision to plead guilty," and also "failed to advise [Petitioner] of the record being filed in his direct appeal process, depriving [Petitioner] of the opportunity to timely file his post-conviction petition to Redress his claim of ineffective assistance in the courts." ECF Dkt. #10 at p. 3. Petitioner cites *Gunner v. Welch*, 749 F.3d 511 (6th Cir.2014), for the proposition that the failure of appellate counsel to advise a defendant when the record in the direct appeal is filed, which triggers the 180-day statute of limitations for filing a post-conviction petition in Ohio, constitutes ineffective assistance of appellate counsel and is a basis for establishing cause for procedural default of a federal habeas claim. Petitioner further asserts that he would "like to take his allied offense claim to the trial court for the first time, because of how his counsel improperly raised the allied offense argument and never federalized the claim by vaguely using the words 'due process' & 'double jeopardy' unsupported with any incorporations into the federal constitution and/or case law." ECF Dkt. #10 at p. 2.

A district court has discretion to stay a habeas corpus proceeding when a petitioner presents a "mixed petition," that is, one presenting both exhausted and unexhausted claims. See *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir.2002). In *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), the Supreme Court recognized the district court's discretion to stay a mixed petition pending prompt exhaustion of state remedies, but imposed two procedural limitations upon the granting of a stay. First, the petitioner must show "good cause" for his failure to exhaust remedies on direct appeal. Second, petitioner must demonstrate that the unexhausted claims are not "plainly meritless." 544 U.S. at 277-78; accord *Hodge v. Haeberlin*, 579 F.3d 627, 638 (6th Cir.2009).

The petition in this case does not assert the ineffective assistance of counsel claims that are currently being pursued in state court. Only if the court were to grant a future motion to amend would this case involve a "mixed petition" qualifying for the possibility of a stay under *Rhines*. A stay and abatement of this proceeding, however, is not warranted, because Petitioner does not and cannot meet the requirement of *Rhines* that the unexhausted claims have facial merit. Petitioner's

-13-

unexhausted claims are plainly meritless, as they are barred by AEDPA's statute of limitations. Consequently, a stay of these proceedings to exhaust plainly time-barred claims would be pointless.

Although Petitioner has not sought leave to amend his federal petition to include his proposed ineffective assistance of counsel claims, he must seek leave to do so at this stage of the proceedings.  Motions to amend a habeas corpus petition are governed by Rule 15(a) of the Federal Rules of Civil Procedure. See *Shank v. Mitchell*, 2013 WL 3208554 at *3 (S.D.Ohio June 24, 2013) ("Amendments to habeas corpus petitions were contemplated by the habeas corpus statute and are governed by Rule 15 of the Federal Rules of Civil Procedure"). See also *Hughley v. Reid*, 2010 WL 610765 at *2 (N.D.Ohio Feb.18, 2010); see also *Lanton v. Lafler*, 2007 WL 858722 at *1 (E.D.Mich. March 16, 2007).  Under Rule 15(a), a party may amend his or her pleadings once as a matter of course at any time before a responsive pleading is served. *Id.* Otherwise, the party may amend only with the opposing party's written consent or by leave of court. *Id.* citing Fed.R.Civ.P. 15(a); see *Mayle v. Felix*, 545 U.S. 644, 655, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005).

As Respondent herein has already filed a Return and opposes Petitioner's application for stay, leave of court is required. As the Sixth Circuit has explained:

> Under Rule 15(a), leave to amend a pleading shall be freely given when justice so requires. This court has explained the factors that a district court should consider when deciding whether to grant leave to amend. Several elements may be considered in determining whether to permit an amendment. Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir.1998) (quoting *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir.1994)).

28 U.S.C. § 2244 provides a one-year statute of limitations for filing habeas corpus petitions. Any amendment, however, would be barred by the statute of limitations unless the amendment related back to the original filing date. "An amended habeas petition ... does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005).

-14-

Even prior to *Mayle*, the Sixth Circuit had held that a motion to amend a habeas corpus petition to include "entirely new arguments" filed after the expiration of the statute of limitations was futile and such claims did not relate back to the date that the initial petition was filed. See, *e.g.*, *Oleson v. United States*, 27 F. App'x 566, 570 (6th Cir.2001). Following the Sixth Circuit, the district court for the Western District of Tennessee explained in *Taylor v. Myers*, 345 F.Supp.2d 855 (W.D.Tenn.2003):

> [O]nce the statute of limitations has expired, allowing amendment of a petition with additional grounds for relief would defeat the purpose of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (Apr. 24, 1996) (codified. inter alia, at 28 U.S.C. § 2244 et seq.) (AEDPA). *Oleson*, 2001 WL 1631828 at *3 (citing *United States v. Thomas*, 221 F.3d 430, 436 (3d Cir.2000) ("[A] party cannot amend a § 2255 petition to add a completely new claim after the statute of limitations has expired."). See also *United States v. Pittman*, 209 F.3d 314, 317–18 (4th Cir.2000) ("The fact that amended claims arise from the same trial and sentencing proceeding as the original motion does not mean that the amended claims relate back for purposes of Rule 15(c).... Such a broad view of 'relation back' would undermine the limitations period set by Congress in the AEDPA) (citing *United States v. Duffus*, 174 F.3d 333. 337 (3d Cir.1999)).

*Id.* at 860.

Respondent correctly argues that Petitioner's conviction became final under Section 2244(d)(1)(A) on July 24, 2013, ninety days after the Ohio Supreme Court rendered the decision in the direct appeal, because Petitioner failed to file a timely appeal to the United States Supreme Court. *Gonzalez v. Thaler*, __U.S. __, 132 S.Ct. 641, 653, 181 L.Ed.2d 619 (2012) (stating that a conviction becomes final when the time for filing a certiorari petition expires). Petitioner then had one year from that date, or until July 24, 2014, barring any tolling of the statute of limitations, in which to file his habeas petition.

Petitioner did not properly file any actions before July 24, 2014 that served to toll the one-year statutory period. He filed the currently-pending state court post-conviction action on November 11, 2014. A post-conviction petition can toll the statute of limitations, but it cannot re-set a clock that has already expired. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.") Moreover, the time period during which a federal habeas corpus petition is pending does not toll the running of the statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Petitioner's ineffective assistance of counsel claims are only timely if they relate back to the claims in the original petition. However, the ineffective assistance of counsel claims are predicated

-15-

upon the voluntary nature of the plea and are not related to the sentence imposed in this case. Accordingly, the ineffective assistance of counsel claims do not relate back under *Mayle, supra.*

Of course, the United States Supreme Court has held that the AEDPA statute of limitations is "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). Equitable tolling allows a federal habeas court to review a time-barred habeas petition "provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.' " *Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir.), *cert. denied,* __U.S. __, 132 S.Ct. 456, 181 L.Ed.2d 297 (2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir.2010)).

In order to be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Holland*, 130 S.Ct. at 2562, quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). A petitioner must show that he exercised reasonable diligence in pursuing his rights, not maximum diligence. *Holland*, 130 S.Ct. at 2565.

Here, Petitioner has offered no argument in favor of equitable tolling. Although he asserts that his counsel failed to inform him the date that his trial transcript was filed in the direct appeal, in order to excuse his procedural default should the state court dismiss his post-conviction petition as untimely, he has offered no explanation for the considerable delay in pursing his ineffective assistance of counsel claims. Petitioner's direct appeal was final on July 24, 2013. However, Petitioner did not seek a stay to pursue his state post-petition conviction until after the Return of Writ was filed in this case.

Petitioner's decision to pursue his ineffective assistance of counsel claim appears to be a reaction to Respondent's unopposed argument that all of the grounds for relief asserted in the current petition are not cognizable on federal habeas corpus review. Equitable tolling is typically used "only when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir.2003). The facts in this case suggest that Petitioner's failure to pursue his ineffective assistance of counsel claims prior to the expiration of the AEDPA statute of limitations is the product of a lack of reasonable diligence rather than circumstances beyond his control. Accordingly, the undersigned recommends that the Court find that Petitioner failed to establish that he is entitled to equitable tolling.

-16-

The Sixth Circuit Court of Appeals has also held that the Constitution requires an actual innocence exception to AEDPA's statute of limitations.  Souter v. Jones, 395 F.3d 577, 599 (6th Cir. 2005).  But "actual innocence means factual innocence, not mere legal insufficiency."  Id. at 590 (quoting Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)).  Normally, in order to obtain collateral review of a defaulted claim upon a showing of actual innocence, a petitioner must establish that he is not only actually innocent of the charge which he seeks to attack, he must also demonstrate that he is actually innocent of all other more serious charges which the government had foregone during the plea bargaining process.  See Bousley at 1611-12; Luster v. United States, 168 F.3d 913, 915 (6th Cir.1999).

To succeed on this theory, Petitioner must show that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt."  Schlup v. Delo, 513 U.S. 298, 324, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).  Petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Id. at 324.  The United States Supreme Court has cautioned that the actual innocence exception should "remain rare" and should "only be applied in the "extraordinary case."  Id. at 321.

Here, Petitioner has offered no argument or evidence in support of an argument that he is actually innocent of the offenses for which he was convicted. For this reason, the undersigned recommends that the Court find that the actual innocence exception does not apply to allow consideration of Petitioner's federal habeas corpus petition despite his untimely filing.

In summary, the undersigned recommends that the Court deny Petitioner's application for stay because his prospective claims, which are the subject of his currently-pending state post-conviction petition, would be filed beyond AEDPA's statute of limitations.  In addition, as the ineffective assistance of counsel claims assert "a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth," they would not relate back to the original petition. See Mayle, supra.  Petitioner has failed to establish that he has exercised reasonable diligence in pursuing his ineffective assistance of counsel claims, due to the fact that he raised them almost a year and a half after the conclusion of his direct appeal, and Petitioner has not asserted or offered any evidence that he is actually innocent of the criminal conduct for which he was convicted.

**B.      Merits**

**GROUND ONE: THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING DEFENDANT TO THE MAXIMUM SENTENCE OF 8 YEARS AND RUNNING EACH COUNT CONSECUTIVE FOR A TOTAL OF 16 YEARS, SEE ATTACHMENT.**

SUPPORTING FACTS: SEE ATTACHMENT. THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING DEFENDANT TO THE MAXIMUM SENTENCE OF 8 YEARS ON EACH COUNT AND RUNNING EACH COUNT CONSECUTIVE FOR A TOTAL OF 16 YEARS, FOR TWO OR MORE OFFENSES ARISING OUT OF A SINGLE INCIDENT.

ATTACHMENT:

GROUND ONE: THE STATE APPELLATE COURT ERRED WHEN FAILING TO RULE THAT THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING PETITIONER TO THE MAXIMUM SENTENCE OF 8 YEARS ON EACH COUNT AND RUNNING EACH COUNT CONSECUTIVE FOR A TOTAL SENTENCE OF 16 YEARS FOR TWO OR MORE OFFENSES ARISING OUT A OF A SINGLE INCIDENT.

FACTS: IT'S PETITIONER'S CONTENTION THE STATE APPELLATE COURT ERRED WHEN IT FAILED TO RULE THAT THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING PETITIONER TO THE MAXIMUM SENTENCE OF 8 YEARS ON EACH COUNT AND RUNNING EACH COUNT CONSECUTIVE FOR A TOTAL SENTENCE OF 16 YEARS, FOR TWO OR MORE OFFENSES ARISING OUT OF A SINGLE INCIDENT.

**GROUND TWO: THE TRIAL COURT ERRED IN REFUSING TO CONSIDER R.C. §2929.12(C)(1)(2), AND (4) IN SENTENCING DEFENDANT TO CONSECUTIVE MAXIMUM SENTENCES.**

SUPPORTING FACTS: SEE ATTACHMENT: THE TRIAL COURT ERRED IN REFUSING TO CONSIDER R.C. §2929.12(C)(1)(2) AND (4) IN SENTENCING DEFENDANT TO CONSECUTIVE MAXIMUM SENTENCES.

ATTACHMENT:

GROUND TWO: THE STATE APPELLATE COURT ERRED WHEN FAILING TO RULE THE TRIAL COURT ERRED IN REFUSING TO CONSIDER R.C. §2929.12(C)(1)(2) AND (4) IN SENTENCING DEFENDANT TO CONSECUTIVE MAXIMUM SENTENCES.

FACTS: IT'S PETITIONER'S CONTENTION THE STATE APPELLATE COURT ERRED WHEN FAILING TO RULE THAT THE TRIAL COURT ERRED IN REFUSING TO CONSIDER R.C. §2929.12(C)(1)(2) AND (4) IN SENTENCING THE PETITIONER TO CONSECUTIVE MAXIMUM SENTENCES. THE RECORD DEMONSTRATED MITIGATING CIRCUMSTANCES EXISTED TO WARRANT A LESSER CONCURRENT SENTENCE.

**GROUND THREE: THE TRIAL COURT FAILED TO FOLLOW R.C. §2929.41 AND R.C. §5145.01 WHEN IT SENTENCED DEFENDANT TO CONSECUTIVE MAXIMUM SENTENCES.**

SUPPORTING FACTS: SEE ATTACHMENT. THE TRIAL COURT FAILED TO FOLLOW R.C. §2929.41 AND R.C. §5145.01 WHEN IT SENTENCED DEFENDANT TO CONSECUTIVE MAXIMUM SENTENCES.

ATTACHMENT:

GROUND THREE: THE STATE APPELLATE COURT ERRED WHEN FAILING TO RULE THAT THE TRIAL COURT FAILED TO FOLLOW R.C. §2929.41 AND R.C. §5145.01 WHEN IT SENTENCED PETITIONER TO CONSECUTIVE MAXIMUM SENTENCES.

FACTS: IT'S PETITIONER'S CONTENTION THE STATE APPELLATE COURT ERRED WHEN FAILING TO RULE THAT THE TRIAL COURT FAILED TO FOLLOW R.C. §2929.41 AND R.C. §5145.01 WHEN IT SENTENCED PETITIONER TO CONSECUTIVE MAXIMUM SENTENCES.

ECF Dkt. #1.

The Sixth District provided the following analysis of Petitioner's state law challenges to his sentence:

Appellant sets forth the following assignments of error:

1. The trial court failed to apply ORC 2953.08(A)(1)(b) in imposing the maximum consecutive sentences.

2. The trial court abused its discretion in sentencing defendant to the maximum sentence of 8 years on each count and running each count consecutive for a total sentence of 16 years. For two or more offenses arising out of a single incident.

3. The trial court erred in refusing to consider 2929.1(C)(1)(2) and (4) in sentencing defendant to consecutive maximum sentences.

4. The trial court failed to follow ORC 2929.41 and ORC 5145.01 when it sentenced defendant to consecutive maximum sentences.

{¶ 3} The undisputed facts relevant to the issues raised on appeal are as follows. On March 18, 2011, appellant was indicted on four counts of felonious assault and two counts of attempted murder in connection with an incident that occurred on February 18, 2011, in which two men were stabbed outside a Clyde, Ohio, bar. On May 18, 2011, appellant entered a plea of guilty to two counts of felonious assault, second degree felonies, and the remaining counts were dismissed. Appellant was sentenced to eight years on each count to be served consecutively.

{¶ 4} In support of his first assignment of error, appellant asserts that the sentencing court failed to follow R.C. 2953.08. This statute sets forth some of the grounds for appeal from a felony sentence; there is nothing contained in the statute for the trial court to "fail to follow," as appellant characterized it. The trial court in this case properly informed appellant at the sentencing hearing of his right to appeal. Appellant's first assignment of error is not well-taken.

{¶ 5} Appellant's second, third and fourth assignments of error argue that the trial court improperly imposed maximum, consecutive sentences and will be considered together.

{¶ 6} It is well-established that we cannot overturn a trial court order imposing a felony sentence unless we find an abuse of discretion. As the Supreme Court declared in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 11, appellate courts reviewing felony sentences must apply a two-step approach. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly

and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment shall be reviewed under an abuse-of-discretion standard. *Kalish*, *supra*.

{¶ 7} "The term abuse of discretion connotes more than an error of law or judgment. It implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Additionally, the standard of review on appeal is that of deference to the decision of the trier of fact. *Seasons Coal Co. v. City of Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

{¶ 8} As established by *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 100, the trial court is vested with full discretion to impose any sentence within the statutory range without a requirement that it issue specific reasons or findings prior to imposition of such a sentence. However, the trial court must still consider R.C. 2929.11 and 2929.12. *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38. These two statutes serve as the guiding parameters for trial judges to consider in fashioning an appropriate sentence. *Kalish* at ¶ 17.

{¶ 9} As the record herein reflects, the trial court did not abuse its discretion in sentencing appellant to a maximum consecutive term of imprisonment. Both the transcript and sentencing entry demonstrate that the trial court carefully considered the record, the oral statements of the victims and family members, the presentence investigation, and the principals and purposes of sentencing as required under R.C. 2929.11. The trial court noted appellant's juvenile and adult records as well as his two prior prison sentences. The trial court found that the aggravating factors of the seriousness of the offense, the significant victim impact and appellant's pattern of recidivism outweighed appellant's arguments in mitigation.

{¶ 10} Appellant also argues that the two eight-year sentences should be served concurrently because "although the two offenses were separate they occurred out of the same incident." Two men were stabbed by appellant, albeit within a very brief time frame in the same location. Appellant stabbed one victim and then directed his violent actions toward another victim, stabbing him as well; therefore, two separate crimes were committed. This argument is without merit.

{¶ 11} Based on the foregoing, we cannot find that the maximum, consecutive sentences imposed by the trial court were unreasonable, arbitrary or unconscionable. Pursuant to R.C. 2929.14(A)(2), the maximum prison sentence permissible for a second degree felony is eight years. The sentence was not contrary to law and did not constitute an abuse of discretion. Accordingly, appellant's second, third and fourth assignments of error are not well-taken.

A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984); see also *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"). A state court's interpretation, or misinterpretation, of its own sentencing laws and guidelines constitutes a matter of state concern only. *Howard v. White*, 76 Fed. Appx. 52, unpublished, 2003 WL 22146139, at *2 (6th Cir.2003) (citations omitted).

-20-

The computation of a prisoner's term involves a matter of state law that is not cognizable in § 2254 proceedings. *Haskell v. Berghuis*, 511 Fed.Appx. 539, unpublished, 2013 WL 163965, at *11 (6th Cir. Jan.16, 2013)(citing *Estelle v. McGuire*, 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). The record fails to reflect that Petitioner is being held beyond the maximum expiration date of the sentence. Under O.R.C. § 2929.41(B), the state courts have determined that state law required a probationer or parolee to serve his sentence consecutively to another sentence upon commission of a new felony offense. Thus, state law required imposition of consecutive terms at the time of sentencing. State and federal courts have the power to impose consecutive sentences for multiple offenses, and the Supreme Court has called the practice of giving trial judges "unfettered discretion" to determine whether sentences for discrete offenses shall be served consecutively or concurrently a common-law tradition. *Oregon v. Ice*, 555 U.S. 160, 163, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009). Imposition of consecutive terms of incarceration does not violate clearly established federal law construing the Due Process Clause, or make the state court proceedings fundamentally unfair.

Therefore, this federal court should consider Petitioner's claim that the facts of his case did not fit the criteria of the Ohio statute for imposition of the maximum sentences, but only whether the alleged error violated Petitioner's federal constitutional right to due process. Furthermore, Petitioner has waived any such constitutional claim because he failed to present it as a federal issue to the Ohio courts.

A set of four guidelines has been developed for determining whether a claim was presented in such a way as to alert the court of the claim's federal nature. *McMeans*, 228 F.3d at 681. Under these guidelines, a petitioner may fairly present to the state courts the constitutional nature of his claim by (1) relying on federal cases employing constitutional analysis; (2) relying on state cases employing constitutional analysis in similar factual contexts; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *Id.*; *Franklin*, 811 F.2d at 326. The use of a "generalized catch-all phrase," which merely alleges the denial of a fair trial under the United States Constitution, does not adequately alert the state courts of the constitutional nature of the claim where the "only legal theory presented to the state courts was predicated entirely upon state evidentiary law." *Franklin*, 811 F.2d at 326. General statements that the petitioner was denied a "fair trial" and "due process" are not sufficient to put state courts on notice of a specific

federal constitutional claim in the absence of citation to case law employing federal constitutional analysis. *McMeans*, 228 F.3d at 681.

Here, Petitioner's challenges to his consecutive maximum sentences were both asserted and analyzed under Ohio law. Petitioner failed to articulate federal constitutional claims before the Sixth District Court of Appeals.  Accordingly, the undersigned recommends that the Court find that Grounds One through Three are without merit.

## VI.    CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court deny Petitioner's Application for Stay of Execution and/or Abeyance, ECF Dkt. #10, and dismiss the petition, in its entirety, with prejudice.

Date: February 9, 2015                          */s/George J. Limbert*
                                                GEORGE J. LIMBERT
                                                UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice.  Fed. R. Civ. P. 72; L.R. 72.3.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).